UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
ALYSSA B., obo, KMWB,

                              Plaintiff,        DECISION AND ORDER
                                                1:24-cv-07486-GRJ

            v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
--------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In February of 2022, Plaintiff Alyssa B.[1] applied for Child

Supplemental Security Income benefits under the Social Security Act on

behalf of her son, KMWB. ("Claimant"). The Commissioner of Social

Security denied the application.  Plaintiff, represented by Dennis Kenny

Law, Josephine Gottesman, Esq., of counsel, commenced this action

seeking judicial review of the Commissioner's denial of benefits under 42

U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction

of a United States Magistrate Judge. (Docket No. 10).

This case was referred to the undersigned on December 10, 2025.

Presently pending is Plaintiff's Motion to Remand for Further Administrative

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Proceedings. (Docket No. 14). For the following reasons, Plaintiff's motion is due to be denied, and this case is dismissed.

## I.  BACKGROUND

### A.   Administrative Proceedings

Plaintiff applied for benefits on behalf of Claimant on February 8, 2022, alleging disability beginning October 8, 2015 (his date of birth). (T at 10).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on September 19, 2023, before ALJ Brian Lemoine. (T at 34-59). Plaintiff appeared with an attorney and testified. (T at 43-57).

### B.   ALJ's Decision

On December 15, 2023, the ALJ issued a decision denying the application for benefits. (T at 7-28).

The ALJ noted that Claimant was a "school-age child" on February 8, 2022, when the application was filed, and remained a school-age child as of the date of his decision. (T at 11).  Claimant had not engaged in substantial gainful activity since the application date. (T at 11).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

The ALJ found that Claimant's autism spectrum disorder, attention deficit hyperactivity disorder, and Chiari malformation with unspecified headaches were severe impairments as defined under the Social Security Act. (T at 11).

The ALJ found, however, that Claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). (T at 11).  The ALJ also concluded that Claimant did not have an impairment or combination of impairments that functionally equaled the severity of the Listings. (T at 13).

As such, the ALJ found that Claimant had not been under a disability, as defined under the Social Security Act, since the application date and was therefore not entitled to benefits. (T at 23).

On August 13, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on October 2, 2024. (Docket No. 1).  On February 2, 2025, Plaintiff filed a motion to remand for further administrative proceedings,

supported by a memorandum of law. (Docket Nos. 14,15).  The

Commissioner interposed a brief in opposition to the motion on April 3,

2025. (Docket No. 17).  On April 16, 2025, Plaintiff submitted a reply

memorandum of law in further support of her motion. (Docket No. 18).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a

claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The court's review is limited to "determin[ing] whether there is substantial

evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566

F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings,

which are considered conclusive if supported by substantial evidence. *See*

42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla"

and "means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*,

562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Standard for Disability Claims for Children

To qualify for SSI benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The Social Security Regulations provide a three-step sequential analysis to determine whether a child is disabled and eligible for benefits.

20 C.F.R. § 416.924(a)-(d); *see Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004).

First, the ALJ considers whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(b). Second, the ALJ determines whether the child has a "medically determinable impairment(s) that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id*. § 416.924(c). Third, if the child has a severe impairment(s), the ALJ must then decide whether the impairment meets or "medically" or "functionally" equals a disability listed in the regulatory "Listing of Impairments." Id. § 416.924(c), (d); *see also id*. at Part 404, Subpart P, App. 1.

To demonstrate functional equivalence, the child must exhibit a "marked" limitation in two of six functional domains described in the regulations, or an "extreme" limitation in one of the domains. 20 C.F.R. § 416.926a(a) (2017); *see Pollard*, 377 F.3d at 190.

The first five domains consider the child's ability to acquire and use information, attend and complete tasks, interact and relate with others, move about and manipulate objects, and care for himself. 20C.F.R. § 416.926a(b)(1)(i)-(v) (2017). The sixth domain considers the child's health and physical well-being. Id. § 416.926a(b)(1)(vi).

6

A child has a "marked" limitation when the impairment "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R.§ 416.926a(e)(2)(i) (2017). "'Marked' limitation . . . means a limitation that is 'more than moderate' but 'less than extreme.'" Id. An "'extreme'" limitation is present when the impairment "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." Id. § 416.926a(e)(3)(i).

### III.  DISCUSSION

Plaintiff argues that the ALJ should have found Claimant markedly limited in at least three (3) domains of functioning.  According to Plaintiff Claimant has marked impairment in acquiring or using information, interacting with others, and adapting or managing himself.  The Court will address each domain in turn.

### A.    Acquiring and Using Information

In this domain, [the court] consider[s] how well the child acquires or learns information and how well they use the information they have learned.
20 C.F.R. § 416.926a (g)(1).

A school-age child "should be able to learn to read, write, and do math, and discuss history and science."  The child demonstrates what they

have learned in academic situations by "reading about various subjects and producing oral and written projects, solving mathematical problems, taking achievement tests, doing group work, and entering into class discussions." The child uses the skills in daily living and the community by, for example, "reading street signs, telling time, and making change." A school-age child should also be able "to use increasingly complex language (vocabulary and grammar) to share information and ideas with individuals or groups, by asking questions and expressing [their] own ideas, and by understanding and responding to the opinions of others." 20 C.F.R. § 416.926a (g)(2)(iv).

The ALJ found that Claimant had less than a marked limitation in acquiring and using information. (T at 15-16).

The record discloses that Claimant had scores within the average range in math problem-solving, early reading, spelling, alphabet writing, and written expression and high-average scores in numerical operations and mathematics composite. (T at 279).  Although Claimant's teacher reported serious problems with respect to reading comprehension, written expression, and problem-solving in class discussions, she opined that Claimant had no problem comprehending oral instructions, understanding vocabulary, comprehending and doing math problems, understanding and

participating in class discussions, and providing organized oral explanations and adequate descriptions. (T at 293).

Claimant's Individualized Education Plan ("IEP") shows that he was able to make progress in general education, with accommodations and support from integrated co-teaching services in English/Language Arts. (T at 311). A progress report from December of 2022 described Claimant as "performing normally in school." (T at 715).

A "marked" limitation exists when the claimant's "impairment(s) interferes seriously with [their] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). The Court finds the above-referenced evidence sufficient to support the ALJ's decision to find less than marked limitation in the domain of acquiring and using information.

### B.    Interacting and Relating with Others

In this domain, we consider how well the child can "initiate and sustain emotional connections with others, develop and use the language of [her[ community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others." 20 C.F.R. § 416.926a(i).

A school-age child is expected to "develop more lasting friendships with children who are [their] age … begin to understand how to work in groups to create projects and solve problems … have an increasing ability to understand another's point of view and to tolerate differences … be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand." 20 C.F.R. § 416.926a(i)(2)(iv).

The ALJ found that Claimant had less than marked limitation in this domain. (T at 17-19).

Claimant's teacher reported serious problems in his ability to express anger appropriately and "obvious" problems with respect to playing cooperatively with other children, asking permission appropriately, respecting/obeying adults, and taking turns in conversation. (T at 295). Notably, however, Claimant's teacher opined that he had slight or no problem making and keeping friends, seeking attention appropriately, following rules, relating experiences and telling stores, using appropriate language, introducing and maintaining relevant and appropriate conversation topics, interpreting body language, and using adequate vocabulary and grammar. (T at 295).  Claimant did not need behavior

modification strategies to address his ability to interact and relate to others. (T at 295).

Claimant's IEP contained some social goals but also evidences that he "loves playing with same-aged peers," enjoys karate, "gets along well with both peers and adults," and was "strong with his verbal communication skills." (T at 303-304, 308, 310). A progress note from February of 2023 described Claimant as "doing very well," with "no issues in school and home," and "getting along with others …." (T at 722).

As discussed above, "marked" limitation exists when the claimant's "impairment(s) interferes seriously with [their] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). The Court concludes that the above-referenced evidence is more than sufficient to support the ALJ's decision to find less than marked limitation in the domain of interacting and relating to others.

### C.   Caring for Self

In this domain, we consider how well the child is able to "maintain a healthy emotional and physical state, including how well [they] get [their] physical and emotional wants and needs met in appropriate ways; how [they] cope with stress and changes in [their] environment; and whether

11

[they] take care of [their] own health, possessions, and living area." 20 C.F.R. § 416.926a(k).

School-age children are expected to "be independent in most day-to-day activities (e.g., dressing …, bathing ….), although [they] may still need to be reminded sometimes to do these routinely; [they] should begin to recognize that [they] are competent in doing some activities and … have difficulty with others; [they] should be able to identify those circumstances when [they] feel good about [themselves] and when [they] feel bad; [they] should begin to develop understanding of what is right and wrong, and what is acceptable and unacceptable behavior;  [they] should begin to demonstrate consistent control over [their] behavior, and … be able to avoid behaviors that are unsafe or otherwise not good for [them]." 20 C.F.R. § 416.926a(k)(2)(iv).

The ALJ assessed less than marked limitation in Claimant's ability to care for himself. (T at 19-21).

Claimant's teacher reported serious problems in his ability to handle frustration, be patient, respond appropriately to mood changes, and use coping skills, but observed slight or no problem with respect to his ability to take care of personal needs and hygiene, use good judgment regarding safety, identify and appropriately assert emotional needs, and know when

12

to ask for help. (T at 297).  As noted above, a progress note from February of 2023 described Claimant as "doing very well," with "no issues in school and home," and "getting along with others …." (T at 722).

### D.    Overall Analysis

While Plaintiff's counsel points to evidence in the record showing that Claimant experiences challenges related to his impairments and needs support in school and in the community where, as here, the record contains conflicting evidence, it is the role of the Commissioner, and not this Court, to resolve such conflicts. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

Moreover, "[s]ubstantial evidence is "a very deferential standard of review…." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

Here, in addition to the educational and medical records discussed above, the ALJ's decision is supported by medical opinion evidence.

A psychological evaluation completed in October of 2020 by Margaret Kokas, a school psychologist, described Claimant as having behavioral challenges at home, but presenting for evaluation as "friendly, sweet, and polite." (T at 265). His general cognitive ability was assessed in the average range. (T at 266-68). His behavior and communication ratings, as reported by Plaintiff, were consistent with his diagnosis of autism spectrum disorder. (T at 268-70).

Dr. Frances and Dr. Mohanty, non-examining State Agency review physicians, assessed marked impairment in Claimant's ability to attend and complete tasks, but found less than marked limitation in the other domains of functioning. (T at 65-68). Two other State Agency review physicians, Dr.

14

Momot-Baker and Dr. Mantello, reached the same conclusion. (T at 81-83). The ALJ found these assessments consistent with the record evidence and considered them persuasive. (T at 22).

For these reasons, the Commissioner's decision must be sustained under the deferential standard of review applicable here.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand for Further Administrative Proceedings (Docket No. 14) is DENIED and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: January 12, 2026

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge

15